IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HERBERT MITCHELL,
    Plaintiff,

v.       CIVIL ACTION NO. DKC-09-2364

JOHN S. WOLFE, et al.,
    Defendant.

## MEMORANDUM OPINION

On August 21, 2009, the court received correspondence from Plaintiff Herbert Mitchell, an inmate then incarcerated at the Jessup Correctional Institution, wherein he stated that sharpened glass had been found inside his food. Plaintiff believed his life was in danger. Paper No. 1. Plaintiff filed a court directed supplemental complaint in which he sought transfer from JCI. Paper No. 3. Defendants John S. Wofe and Cherie Peay have filed a Motion to Dismiss, or in the Alternative for Summary Judgment. Paper No. 16. Plaintiff has not filed an opposition.[1] No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons stated below, the dispositive motion filed by Defendants, treated as a motion for summary judgment, will be granted.

### Background

Mitchell, now incarcerated elsewhere, alleges that while incarcerated at the Jessup Correctional Institution he received a meal which contained sharpened glass. Plaintiff also claims that his brother was murdered in 2002 by the Black Guerilla Family at the Eastern Correctional Institution. He believes that there was a conspiracy to cover up his brother's murder and that

---

[1] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on March 5, 2010, Plaintiff was notified that Defendant had filed a dispositive motion, the granting of which could result in the dismissal of his action. Paper No. 17. Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the court. *Id.*

1

everyone at JCI has knowledge of his brother's death which they are attempting to cover up. Paper No. 1. He asks that the court enter an order directing he be transferred from JCI. *Id*.

**Standard of Review**

**A.     Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 1969. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**B.     Motion for Summary Judgment**

Fed. R. Civ. P. 56(c) provides that summary judgment:

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an

> otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Analysis

During the pendency of this action, Plaintiff was transferred to RCI from JCI. Paper Nos. 7 and 16. In advising the court of his transfer to RCI, Plaintiff indicated that he had previously had difficulty when housed at RCI. It appears Plaintiff was subsequently transferred to the Western Correctional Institution.[2] The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief concerning conditions at this previous place of confinement. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)*; Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987)*; see also Cotterall v. Paul*, 755

---

[2] A review of the Maryland Department of Public Safety and Correctional Services Inmate Locator reveals that Plaintiff is currently incarcerated at the Western Correctional Institution in Cumberland, Maryland. Plaintiff has failed to advise the court of his new address as required under Local Rule 102.1.b.iii (D. Md. 2010).

F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury). As it is clear from the pleadings and records before the court that Plaintiff is no longer housed at JCI, his request for injunctive relief has been achieved, thus rendering the request moot.

**Conclusion**

Defendant's Motion to Dismiss, or in the Alternative for Summary Judgment is granted. Judgment shall be entered in favor of Defendant and against Plaintiff. A separate order follows.


Date: July 8, 2010 _____/s/_____
DEBORAH K. CHASANOW
United States District Judge